UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KINROSS CHARTER TOWNSHIP,

          Plaintiff/Counter-Defendant,

v.                                  Case No. 2:06-cv-245

BRUCE OSBORN,                      HON. GORDON J. QUIST

          Defendant/Counter-Plaintiff/
          Third-Party Plaintiff,

v.

JASON OBERLE and SCOTT QUICK,
          Third-Party Defendants.
_____/

**MEMORANDUM OPINION AND ORDER**

      The Court has before it Kinross Charter Township's ("Kinross") Motion to Dismiss Claim for Declaratory Relief and Motion to Clarify.  Because the facts of this case were fully detailed in the Court's prior Opinion in this matter filed on December 3, 2007, the Court will set forth only a brief summary of the facts as they are relevant to the instant motions.  Kinross filed a claim against Osborn in Chippewa County Circuit Court seeking a declaratory judgment that Osborn voluntarily quit his job as a paramedic.  In response, Osborn filed a § 1983 counterclaim against Kinross and a § 1983 third-party complaint against Jason Oberle ("Oberle") and Scott Quick ("Quick") alleging violations of his constitutional rights.  Kinross removed the case to this Court, and the parties subsequently filed various motions for summary judgment.  The Court allowed Osborn to proceed with his claims against Kinross for First Amendment and procedural due process violations. Additionally, the Court allowed Osborn to proceed with his claims against Quick for First Amendment, substantive due process, and equal protection violations.

Of relevance to the instant motions, Kinross moved for partial summary judgment on its claim for declaratory relief that Osborn voluntarily quit when he refused Kinross' offer to return to work.  In response, Osborn argued that he did not voluntarily quit because he was constructively discharged.  The Court, concluding that there was a genuine issue of material fact whether Osborn was constructively discharged, denied Kinross' motion for partial summary judgment.  The Court first determined that there was a genuine issue of material fact whether Quick planted the drug box that ultimately led to Osborn's suspension in his vehicle.  The Court then stated:

> Drawing all inferences in favor of the non-moving party, the inquiry becomes whether a constructive discharge occurs when an employee's supervisor frames an employee for engaging in criminal conduct.  Put differently, does a supervisor framing an employee for criminal conduct create working conditions so intolerable that a reasonable person would have felt compelled to decline an offer to return to work under the control of the same supervisor?  The Court concludes that it would.
>
> Assuming Quick planted the drug box in Osborn's vehicle, he exposed Osborn to severe criminal charges, placed his job in jeopardy, and simultaneously lowered his standing in the community.  If true, such activity is both shocking and egregious.  Although Osborn avoided criminal charges, a reasonable person in his shoes would not take the chance of resuming employment under the supervision of the same individual who caused so much consternation in the first place.  Taking the facts in the light most favorable to Osborn, he suffered severe consequences under Quick's supervision and felt, as would a reasonable person, that he should not take the risk of being exposed to similar conduct in the future.  Therefore, the offer to return to employment under Quick's supervision was an offer that he felt compelled to decline.  Because a reasonable person in Quick's [sic] shoes would feel likewise, he was constructively discharged.  Thus, the Court will deny Kinross's motion for partial summary judgment.

*Kinross Charter Twp. v. Osborn*, No. 2:06-CV-245, 2007 WL 4284861, at *8 (W.D. Mich. Dec. 3, 2007).

On the basis of this ruling, Kinross filed a motion to withdraw its claim for declaratory relief. In opposition to the motion, Osborn argues that the Court's opinion held that if Quick planted the drug box in Osborn's vehicle, then Osborn was constructively discharged – as a matter of law – because a reasonable person in Osborn's shoes would have felt compelled to resign.  In contrast,

Kinross interprets the Court's opinion to hold that issues of fact remain regarding both whether Quick planted the drug box in Osborn's vehicle and if so, whether a reasonable person would have felt compelled to resign.  Given the parties' disagreement and the Court's imprecise language about this matter in its prior opinion, the Court will grant Kinross' motion to clarify.

In its prior opinion, the Court made two determinations: (1) there is a genuine issue of material fact whether Quick planted the drug box in Osborn's car; and (2) if true, then a jury *could* conclude that a reasonable person in Osborn's shoes would have felt compelled to resign.  First, the Court prefaced its ruling by noting that it was "[d]rawing all inferences in favor of the non-moving party" and "[t]aking the facts in the light most favorable to Osborn." *Id*.  Therefore, the Court was drawing all inferences in Osborn's favor, a favorable view of the evidence to which a jury would not be bound when deciding the same question.  The Court did not grant judgment in Osborn's favor as a matter of law.  Additionally, in Michigan, the question of whether a reasonable person in the same circumstances would have felt compelled to resign is an issue of fact for the jury.  Michigan Standard Civil Jury Instructions 105.05.

In light of this clarification, there is no reason why Kinross cannot dismiss its claim for declaratory relief.  Osborn argues that Kinross is seeking to dismiss its claim only after the Court has issued an adverse declaratory ruling against Kinross.  Moreover, Osborn argues that Kinross would seek to re-litigate the issue of whether Osborn was constructively discharged after withdrawing its claim.  The Court does not understand Osborn's concerns in this regard.  Again, the Court simply denied Kinross' motion for partial summary judgment with respect to its claim for declaratory relief, it did not issue an adverse declaratory ruling against Kinross. In this respect, it is important to note that the issue of constructive discharge was only relevant as a defense to Kinross's claim that Osborn voluntarily quit; it was not a separate claim asserted by Osborn against Kinross.

Thus, allowing Kinross to dismiss its claim for declaratory relief would have no impact on Osborn's remaining § 1983 claims against Kinross and Quick.  Finally, this Opinion and Order and Kinross' withdrawal of its claim in no way effects the Court's prior Opinion in this matter or any of the remaining claims.  Therefore,

**IT IS HEREBY ORDERED** that Kinross's Motion to Clarify (docket no. 75) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Kinross's Motion to Dismiss Claim for Declaratory Relief (docket no. 69) is **GRANTED**.

Dated:  March 6, 2008                                        _____/s/ Gordon J. Quist_____
                                                                        GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE